HORTON B. (BO) SESSUMS V. STATE.

No. 24543. December 14, 1949.

E. A. Blair, Lubbock, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of a violation of the local liquor laws in Lubbock County, and under a complaint and information charging him as a third offender, he was fined the sum of $1250.00, and given a term of 90 days in jail. He appeals from a judgment thereunder.

Complaint is made relative to the charge of the court in that appellant was charged as a third offender, it being alleged that in 1945 and 1947, he was in each instance convicted of an offense of like character, and that thereafter, in 1949, he committed the present offense. The trial court, in order to instruct the jury as to the consideration to be given to the two preceding convictions and to inform them that such convictions could only be used in determining the amount of punishment relative to each such prior conviction, gave the following charge:

"The allegation that the defendant was duly and legally convicted on the 21st day of February, 1945, in the County Court of Lubbock County, Texas, of an offense of like character is no evidence of the guilt of the defendant in this case now on trial, and is not to be considered by you as evidence of such guilt, for you are instructed as a matter of law that the defendant must be found guilty of having heretofore, to-wit: on or about March 28, 1949, of committing the crime of transporting an alcoholic beverage, to-wit: whiskey, in a dry area, to-wit: Lubbock County, Texas, and such guilt of the defendant must be established by legal and competent testimony to your satisfaction beyond a reasonable doubt."

To the same effect as the above a similar charge was given relative to the charged prior offense in 1947.

These charges were timely objected to as being on the weight

of the evidence, and appellant requested the court to give the following charge to the jury:

"Gentlemen of the Jury, in this case the State has introduced evidence to the effect that the defendant has been convicted of two prior offenses of like character. You are instructed that you cannot consider these two prior offenses in passing upon his guilt or innocence in this case, but can only consider the evidence of the two prior offenses of like character, if you consider it at all, in arriving at the amount of punishment you assess in the event you find him guilty of the present offense."

We are of the opinion that the charge complained of was upon the weight of the evidence, and being timely objected to and a proper charge relative thereto having been submitted to and by the court refused, we think the court was in error.

The judgment will therefore be reversed and the cause remanded.